IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDITH R. TAYLOR, | ) | 8:07CV127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WELLS FARGO BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Amend Complaint. (Filing No. 23.) Also pending are Defendants' Motion to Dismiss (filing no. 17) and Plaintiff's Motion for Summary Judgment. (Filing No. 24.)

### **Plaintiff's Motion to Amend**

Plaintiff filed her Motion to Amend Complaint on January 24, 2008. (Filing No. 23). Defendants did not oppose the motion and the time in which to do so has passed. Plaintiff's proposed Amended Complaint seeks to add and dismiss parties and clarify Plaintiff's allegations. In particular, Plaintiff seeks to add Defendants Wescom Credit Union and "unknown employees thereof." (Filing No. 23 at CM/ECF p. 2.) Plaintiff also names a specific Wells Fargo employee, Manager Scott Schultz, as a Defendant and does not name any other Wells Fargo employees or entities as Defendants. (*Id.*) The proposed Amended Complaint also names two police officers, Juan C. Miller and D. Tanner, as Defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Id.*

Here, the parties have not yet engaged in discovery and this matter has not yet been subject to a progression order. Further, Defendants have not opposed Plaintiff's Motion to Amend. The court has carefully reviewed the proposed Amended Complaint and finds that amendment would not be futile and is not made in bad faith. Rather, the proposed Amended Complaint clarifies the claims made and is more specific regarding the named Defendants against whom relief is sought. The Motion to Amend Complaint is therefore granted.

**Other Pending Motions**

Also pending before the court is Defendants Wells Fargo Bank Mgr. and Wells Fargo Bank, Downtown Location's Motion to Dismiss. (Filing No. 17.) These two Defendants seek dismissal of the claims against them for lack of personal jurisdiction. (*Id.*) Alternatively, these two Defendants seek a "more definite statement" of the claims

against them. (*Id.*) Because Plaintiff's Amended Complaint does not name these two entities as parties, the Motion to Dismiss is denied as moot.[1]

Plaintiff's Motion for Summary Judgment must also be denied as moot. Plaintiff filed her Motion for Summary Judgment on the same day as she filed her Motion to Amend. (Filing No. 24.) Plaintiff does not specify against which Defendants she seeks the entry of summary judgment. Before seeking summary judgment, Plaintiff must effect service of process on all Defendants named in the Amended Complaint and those Defendants must answer or otherwise respond. Plaintiff's Motion for Summary Judgment is premature and is denied without prejudice to reassertion at the proper time.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint (filing no. 23) is granted. The Clerk of the court is directed to file Plaintiff's proposed Amended Complaint as a separate filing in this matter.

2. To obtain service of process on the newly-added Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FIVE (5) summons forms and FIVE (5) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

---

[1]Additionally, the allegations in Plaintiff's proposed Amended Complaint remedy, at least in part, Defendants' complaints regarding the lack of specificity of Plaintiff's allegations.

3.	Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so.

4.	Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.	Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6.	The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "June 19, 2008: Check for completion of service of summons."

7.	Defendants Wells Fargo Bank Mgr. and Wells Fargo Bank, Downtown Location's Motion to Dismiss (filing no. 17) is denied as moot. However, Wells Fargo Bank Mgr. and Wells Fargo Bank, Downtown Location are no longer Defendants and

Plaintiff may not add them as Defendants in the future without further leave of the court.

8.    Plaintiff's Motion for Summary Judgment (filing no. 24) is denied without prejudice to reassertion at the appropriate time, pursuant to a progression order.

9.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.


February 22, 2008.                    BY THE COURT:


                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge