IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDITH R. TAYLOR, | ) | 8:07CV127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WESCOM CREDIT UNION, | ) | |
| SCOTT SCHULTZ, Wells Fargo | ) | |
| Manager, JUAN C. MILLER, | ) | |
| Officer, D. TANNER, Officer, and | ) | |
| JOHN/JANE DOE, Unknown | ) | |
| Employees of Wescom Credit Union, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Wescom Credit Union's ("Wescom") Motion to Dismiss.  (Filing No. 37.)  Plaintiff has not responded to the Motion.  As set forth below, the Motion to Dismiss is granted.

## I.   BACKGROUND

Plaintiff filed her Complaint in this matter on April 5, 2007.  (Filing No. 1.) Plaintiff thereafter sought leave to amend her Complaint, which the court permitted. (Filing Nos. 23 and 30.)  Plaintiff amended her Complaint, and served summons and the Amended Complaint on Defendant Wescom Credit Union ("Wescom").  (Filing No. 31.)   However, Plaintiff has not effected service of process on any other Defendant, despite being given until June 19, 2008 in which to do so.  (Filing No. 30, *see also* Docket Sheet.)  Wescom filed its Motion to Dismiss on June 17, 2008 and Plaintiff has not filed a response to the Motion.

## II.   *DEFENDANT WESCOM'S MOTION TO DISMISS*

In its Motion to Dismiss, Defendant Wescom argues, among other things, that the court lacks personal jurisdiction over Wescom.  (Filing No. 38 at CM/ECF pp. 1-2.)   As set forth below, the court agrees that it lacks personal jurisdiction over Wescom.

A plaintiff need only make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction.  *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003); *see also St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 623 (8th Cir. 2001) (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991)). However, once personal jurisdiction has been controverted or denied, the plaintiff has the burden of submitting admissible evidence to support personal jurisdiction over the defendants, and cannot rely on the bare pleadings alone. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977) (citing *Block Indus. v. D. H. J. Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)).

Due process requires sufficient "minimum contacts" between a defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In each case, there must be some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of that state's laws.  *Epps*, 327 F.3d at 647-48 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  These contacts with the forum state must be more than "random, fortuitous, or attenuated."  *Epps*, 327 F.3d at 648 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  In assessing the sufficiency of the contacts, the court considers:

2

(1) the nature and quality of contacts with the forum state;
(2) the quantity of such contacts;
(3) the relation of the cause of action to the contacts;
(4) the interest of the forum state in providing a forum for its residents; and
(5) the convenience of the parties.

*Epps*, 327 F.3d at 648 (citing *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)* (citing *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983)*).

Here, Wescom argues that this court lacks personal jurisdiction over it because it is a "state-chartered credit union in California," and "does not conduct any business . . . [or] advertise its services in Nebraska." (Filing No. 39-2, Attach. 1 at CM/ECF pp. 1-2.) Further, the "only persons eligible to open an account at Wescom are persons who live, work, worship, or attend school in Los Angles, Riverside, Orange, San Bernardino, San Diego, Santa Barbara, or Ventura counties in California . . . or family members of a Wescom member in good standing." (*Id.* at CM/ECF p. 1.) Plaintiff has not alleged a single contact between Wescom and the state of Nebraska. (Filing No. 31.) Indeed, Wescom is apparently only a Defendant in this action because Plaintiff's "close friend" LeRoy Colburn "opened an account at Wescom while he was a resident of California." (Filing Nos. 31; 39-2, Attach. 1, at CM/ECF p. 2.) Because lack of personal jurisdiction has been properly raised by Wescom, it is Plaintiff's burden to submit evidence supporting jurisdiction. Plaintiff has not done so.

In short, aside from the "random" and "attenuated" circumstance of a Nebraska resident (Plaintiff) befriending an Iowa resident (LeRoy Colburn) who opened an account at Wescom while he was a California resident, there is nothing in the Complaint, or in *any* filing submitted by the parties in this litigation, that alleges a single contact between these Defendants and the State of Nebraska. Taking into

account the *Epps* factors, all of the claims against Wescom are dismissed without prejudice because this court lacks personal jurisdiction over that Defendant. In light of this, the court need not reach Wescom's other arguments.

### III.    Remaining Defendants

On February 22, 2008, the court permitted Plaintiff the opportunity to amend her Complaint and granted substantial additional time, until June 19, 2008, to serve Defendants. (Filing No. 30.) However, Plaintiff has only served one Defendant, Wescom. (Filing No. 32.) This matter has been pending for more than a year. In accordance with Federal Rule of Civil Procedure 4(m), Plaintiff shall have an additional 30 days, until November 24, 2008, to serve the remaining Defendants in accordance with the court's previous Memorandum and Order. If Plaintiff fails to effect service of process within that time, the claims against the remaining Defendants will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1.    Defendant Wescom Credit Union's Motion to Dismiss (filing no. 37) is granted because the court lacks personal jurisdiction over Wescom, and the claims against it are dismissed without prejudice to reassertion in the proper forum.

2.    Plaintiff shall have until **November 24, 2008** to properly serve the remaining Defendants with service of process in accordance with this Memorandum and Order.

3.    In the event that Plaintiff fails to effect service of process on the remaining Defendants by **November 24, 2008**, the claims against the Defendants who have not been served will be dismissed without prejudice and without further notice.

4

4. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: November 24, 2008: deadline for Plaintiff to serve remaining Defendants.

5. Plaintiff's Motion for Jury Trial (filing no. 42) is denied without prejudice to reassertion in the event that any Defendants are served with process in this matter.

October 24, 2008.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge