IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDITH R. TAYLOR, | ) | 8:07CV127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WELLS FARGO BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Publication (filing no. 45) and Motion to Amend Complaint (filing no. 50). As set forth below, both Motions are denied.

## Motion for Publication

Plaintiff filed a Motion for Publication in which she requests a court order that Defendant Scott Schultz ("Schultz") "be served by publication" because he "has been fired or removed from position he had at time of occurrence." (Filing No. 45 at CM/ECF p. 1.) Service on an individual may be effected as follows:

> Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Plaintiff has twice attempted to serve Schultz by serving him personally at his previous place of business. (Filing Nos. 32 and 46.) On June 11, 2008, the first summons for Schultz was returned as "unexecuted" with a notation that "[i]ndividual no longer is [e]mployed at Wells Fargo." (Filing No. 35 at CM/ECF p. 1.) Although Plaintiff was well beyond the 120-day period for service, the court permitted Plaintiff another opportunity to serve Schultz in its October 24, 2008 Memorandum and Order. (Filing No. 44.) Despite being clearly informed that Schultz no longer worked at the address listed by Plaintiff, she again requested that Schultz be served at his previous workplace. (Filing No. 46.) Not surprisingly, the summons was again returned as unexecuted. (Filing No. 49.)

If service by publication under Nebraska state law is appropriate, Plaintiff must first "show[] by affidavit that service cannot be made with reasonable diligence by any other method provided by statute." Neb. Rev. Stat. § 25-517.02. Despite being given nearly a year to do so, Plaintiff has never attempted to locate Schultz's residence or any other appropriate place at which to serve him. Plaintiff has failed to use reasonable diligence and service by publication is therefore not warranted.

Further, this matter has now been pending for nearly two years. Plaintiff has been given several extensions of time and more than one year to properly serve Schultz. Plaintiff was warned in the court's October 24, 2008 Memorandum and Order that, "[i]f Plaintiff fails to effect service of process within [30 days], the claims

against the remaining Defendants [including Schultz] will be dismissed without prejudice and without further notice." (Filing No. 44 at CM/ECF p. 4.) In light of Plaintiff's failure to comply with the court's orders, the claims against Defendant Schultz are now dismissed without prejudice.

## **Motion to Amend**

Also pending is Plaintiff's Motion to Amend Complaint. (Filing No. 50.) Plaintiff's proposed Amended Complaint seeks to add four Defendants, one of whom was already dismissed from this action for lack of personal jurisdiction. (Filing No. 44.)

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave [to amend] when justice so requires." However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late tendered amendments involve new theories of recovery or impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several ... additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters ... which could not have been raised initially").

This matter has been pending for nearly two years and Plaintiff has already been allowed to amend her Complaint. (Filing Nos. 23, 30, and 31.) There does not appear to be any matter "which could not have been raised initially" and there is no good cause for allowing another amendment at this time. In light of these facts, the Motion to Amend is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Publication (filing no. 45) is denied.

2. All claims against Defendant Scott Schultz are dismissed without prejudice, in accordance with this Memorandum and Order.

3. Plaintiff's Motion to Amend Complaint (filing no. 50) is denied.

4. A separate order will be entered progressing this case to final disposition.

5. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

March 25, 2009.              BY THE COURT:

                             s/ Joseph F. Bataillon
                             Chief United States District Judge